# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# HATTIESBURG DIVISION

**DELMAR EARL SHELBY**                                                              **PLAINTIFF**

**VS.**                                                          **CIVIL ACTION NO. 2:09cv221-KS-MTP**

**CAPTAIN NINA ENLERS, ET AL.**                                                    **DEFENDANTS**

## REPORT AND RECOMMENDATION

THIS MATTER is before the court on the Defendants' Motion for Summary Judgment [34] and *sua sponte* for evaluation pursuant to 28 U.S.C. § 1915(e)(2). Having reviewed the submissions of the parties and the applicable law, the undersigned recommends that the motion be granted and that this action be dismissed.

## FACTUAL BACKGROUND

Plaintiff Delmar Earl Shelby, proceeding *pro se* and *in forma pauperis*, filed his civil rights complaint [1] on October 29, 2009. As set forth in his complaint and as clarified during his *Spears*[1] hearing, Plaintiff asserts a claim against Captain Nina Enlers for excessive force, a claim against Sergeant Quinton Williams for failure to protect, and a claim against both Defendants for the denial and/or delay of adequate medical treatment. *See* Omnibus Order [28]. Plaintiff's claims occurred while he was a post-conviction inmate at the South Mississippi Correctional Institution ("SMCI"). He is currently incarcerated at the Central Mississippi Correctional Facility.

Defendants filed their Motion for Summary Judgment [34] on July 1, 2009. Plaintiff filed his Response [48][49] in opposition to the motion on September 20, 2010.

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985). Plaintiff's *Spears* hearing occurred on April 22, 2010.

## STANDARD

This court may grant summary judgment only if, viewing the facts in a light most favorable to Plaintiff, the Defendants demonstrate that there is no genuine issue of material fact and that they are entitled to judgment as a matter of law. *Woods v. Smith,* 60 F.3d 1161, 1164 (5th Cir. 1995). If the Defendants fail to discharge the burden of showing the absence of a genuine issue concerning any material fact, summary judgment must be denied. *John v. Louisiana,* 757 F.2d 698, 708 (5th Cir. 1985). The existence of an issue of material fact is a question of law that this court must decide, and in making that decision, it must "draw inferences most favorable to the party opposing the motion, and take care that no party will be improperly deprived of a trial of disputed factual issues." *John*, 757 F.2d at 708, 712.

There must, however, be adequate proof in the record showing a real controversy regarding material facts. "Conclusory allegations," *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 902 (1990), unsubstantiated assertions, *Hopper v. Frank*, 16 F.3d 92, 96-97 (5th Cir. 1994), or the presence of a "scintilla of evidence," *Davis v. Chevron U.S.A.*, *Inc.*, 14 F.3d 1082, 1086 (5th Cir. 1994), is not enough to create a real controversy regarding material facts. "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). In the absence of proof, the court does not "assume that the nonmoving party could or would prove the necessary facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (emphasis omitted).

Additionally, because Plaintiff is proceeding *in forma pauperis* in this action,[2] his

---

[2]*See* Order [6].

complaint is subject to *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2), which mandates dismissal "at any time" if the court determines that the action "fails to state a claim on which relief may be granted" or "is frivolous or malicious." *See also Ali v. Higgs,* 892 F.2d 438, 440 (5th Cir. 1990) (recognizing the court's authority "to test the proceeding" and deeming appropriate *sua sponte* evaluation of the merit of the asserted claim). "A complaint is frivolous if it lacks an arguable basis in law or in fact." *Biliski v. Harborth*, 55 F.3d 160, 162 (5th Cir. 1995). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory[.]" *Perry v. Tex. Dep't of Criminal Justice*, 275 F. App'x 277, 278 (5th Cir. 2008) (quoting *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999)). "A complaint lacks an arguable basis in fact when the allegations are fanciful, fantastic, and delusional or when they 'rise to the level of the irrational or the wholly incredible.'" *Perry*, 275 F. App'x at 278 (quoting *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992)). This court is "vested with especially broad discretion in making the determination of whether an IFP proceeding is frivolous." *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

ANALYSIS

It is well-settled that Section 1983 does not "create supervisory or *respondeat superior* liability." *Oliver v. Scott,* 276 F.3d 736, 742 & n.6 (5th Cir. 2002); *see also Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987) ("Under § 1983, supervisory officials cannot be held liable for the actions of subordinates under any theory of vicarious liability.") (citations omitted). "To state a cause of action under § 1983, the plaintiff must allege facts reflecting the defendants' participation in the alleged wrong, specifying the personal involvement of each defendant." *Jolly v. Klein*, 923 F. Supp. 931, 943 (S.D. Tex. 1996) (citing *Murphy v. Kellar*, 950 F.2d 290, 292 (5th Cir. 1992)). Thus, supervisory prison officials may be held liable for a Section 1983 violation only if they either were personally involved in the constitutional deprivation or if there

is a "sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Thompkins*, 828 F.2d at 304; *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009) ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").

Moreover, "[f]or purposes of liability, a suit against a public official in his official capacity is in effect a suit against the local government entity he represents." *Mairena v. Foti*, 816 F.2d 1061, 1064 (5th Cir. 1987) (citations omitted). The Supreme Court has held that in order for a local governmental entity to have liability under Section 1983, a plaintiff must prove that a policy, custom, or practice of that local government entity was the "moving force" behind the constitutional violation. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694 (1978).

**Excessive Force**

Plaintiff claims that on November 28, 2008, between 4:30 and 4:45 a.m., he was leaving the medication window at SMCI and was heading back to the dining hall to eat breakfast when he stopped because he was feeling nauseous.[3] He claims that Captain Nina Enlers asked him why he had stopped and he told her was not feeling well and that although he had planned to go eat, he was going to return to his housing unit to lie down instead. Plaintiff claims that Captain Enlers then told him to "go on to the building with your stupid ass" and he responded "yeah, right." Plaintiff avers that Captain Enlers then asked him, "what did you say?" and she pushed him up against the wall and hit him on both ears a few times.

When prison officials are accused of using excessive force in violation of the Eighth Amendment, "the *core judicial inquiry* is . . . whether force was applied *in a good-faith effort to*

---

[3]Plaintiff testified that he was picking up psychotropic medications and began to feel nauseous because he took the medication on an empty stomach.

4

*maintain or restore discipline, or maliciously and sadistically to cause harm.*" *Baldwin v. Stalder*, 137 F.3d 836, 838 (5th Cir. 1998) (quoting *Hudson v. McMillian*, 503 U.S. 1, 7 (1992)). The Eighth Amendment's "prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." *See Copeland v. Nunan*, 250 F.3d 743, No. 00-20063, 2001 WL 274738, at *2 (5th Cir. Feb. 21, 2001) (quoting *Hudson*, 503 U.S. at 1) (internal quotations and citations omitted).

Some of the relevant objective factors in the inquiry of the application of excessive force include: "1) the extent of the injury suffered; 2) the need for the application of force; 3) the relationship between the need and the amount of force used; 4) the threat reasonably perceived by the responsible officials; and 5) any efforts made to temper the severity of the forceful response." *Baldwin*, 137 F.3d at 838-39 (internal citations omitted).

Captain Enlers denies Plaintiff's allegations. *See* ARP Responses, exhibits to Pl's Response [49-2] at 4, 7, 11. However, even assuming that Captain Enlers' applied force that was not in a good faith effort to restore discipline, based on the extent of the injury suffered the court concludes that it was a *de minimis* use of physical force. Plaintiff reported that as a result of the alleged force on November 28, 2008, his ears were injured. Plaintiff went to the infirmary the next day and was examined by a nurse. Plaintiff complained of neck pain, headaches, dim hearing and painful eardrum. Nurse LaRosa noted that Plaintiff's ears were swollen and referred him to a doctor. *See* Ex. A to Motion [35-1] and Ex. B to Motion [35-1] at 8. Plaintiff testified that the nurse also gave him ibuprofen. Plaintiff saw Dr. McCleave approximately six days later on December 5, 2008. Dr. McCleave noted that Plaintiff's ear drums were obscured by ear wax, and Dr. McCleave irrigated and cleaned out Plaintiff's ears. No perforation of the ear drums was noted, but the ear canals looked red. Plaintiff was diagnosed with bilateral external otitis

(inflammation of the external ear canal) and prescribed cortisporin ear drops and ibuprofen for neck pain. *See* Ex. A to Motion [35-1] and Ex. B to Motion [35-1] at 7.

The affidavit of Gloria Perry, M.D., Chief Medical Officer for the MDOC, reflects that there was no ear injury noted by Dr. McCleave.[4] Dr. Perry further states that Plaintiff's symptom of decreased hearing was caused by excessive ear wax, which was irrigated and removed. *See* Ex. A to Motion [35-1].

Based on the foregoing, Plaintiff's allegations do not rise to the level of an Eighth Amendment violation. *See Copeland*, 2001 WL 274738, at *2; *Siglar v. Hightower*, 112 F.3d 191, 193-94 (5th Cir. 1997) (affirming dismissal of prisoner's excessive force claim, holding that prisoner's sore bruised ear was *de minimis* injury); *Lee v. Wilson*, 237 F. App'x 965, No. 06-50191, 2007 WL 2141956, at *1 (5th Cir. July 26, 2007) (affirming dismissal of claims for excessive force and denial of adequate medical treatment because injury to plaintiff's lip was *de minimis*).

To the extent Plaintiff alleges claims against Captain Enlers in her official capacity, which would in effect be a claim against SMCI or the MDOC, Plaintiff's claims fail as a matter of law. As stated above, there is no respondeat superior liability under Section 1983. *See supra*, *Oliver,* 276 F.3d at 742 & n.6. Further, Plaintiff has failed to allege, much less demonstrate that SMCI implemented a policy, custom or practice that was the "moving force" behind the alleged constitutional violation. *See Monell*, 436 U.S. at 694. Accordingly, the court concludes that Captain Enlers is entitled to judgment as a matter of law as to Plaintiff's claims against her, in both her individual and official capacities.

---

[4]Dr. Perry's affidavit reflects that she reviewed Plaintiff's pertinent medical records. *See* Ex. A to Motion [35-1].

**Failure to Protect**

Plaintiff claims that Sergeant Quinton Williams was standing nearby during the alleged assault described above, and believes that he witnessed the incident. When asked to clarify his claim against Sergeant Williams, Plaintiff stated that he "just stood there" and did not try to intervene, nor did he report Captain Enlers after the alleged assault. Thus, according to Plaintiff, Sergeant Williams is "just as guilty as Enlers."

Under the Eighth Amendment, prison officials have a duty to protect inmates from violence by other prisoners or prison staff. *Hill v. Thomas*, No. 08-50529, 2009 WL 1181504, at *1 (5th Cir. May 1, 2009) (citing *Farmer v. Brennan*, 511 U.S. 825, 833 (1994); *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995)); *Dilworth v. Box*, 53 F.3d 1281, No. 94-41088, 1995 WL 295885, at *1-*3 (5th Cir. Apr. 20, 1995); *Doe v. Georgia Dep't Corr.*, 245 F. App'x 899, 903 (11th Cir. 2007) (citing *Farmer*, 511 U.S. at 837). However, not every injury "by one prisoner at the hands of another . . . translates into constitutional liability for prison officials responsible for the victim's safety." *Hill*, 2009 WL 1181504, at *1 (citing *Farmer*, 511 U.S. at 834; *Horton*, 70 F.3d at 401).

To prevail on a failure to protect claim, Plaintiff must show that "he was incarcerated under conditions posing a substantial risk of serious harm and that prison officials were deliberately indifferent to his need for protection." *Jones v. Greninger*, 188 F.3d 322, 326 (5th Cir. 1999) (citing *Newton v. Black*, 133 F.3d 301, 308 (5th Cir. 1998)). Deliberate indifference consists of the official being aware of both the "facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995) (quoting *Farmer*, 511 U.S. at 837). Furthermore, the Fifth Circuit has held that a negligent failure to protect an inmate is not tantamount to a constitutional violation. *Dilworth*, 1995 WL 295885, at *1-*3 (granting defendants' motion for

7

summary judgment even though the plaintiff alleged he sent a letter to the sheriff notifying him that several guards were harassing him; the court reasoned that the letters failed to establish a genuine issue of material fact regarding whether the sheriff was deliberately indifferent to the plaintiff's alleged risks).

Based on the record before the court, Plaintiff has failed to demonstrate Sergeant Williams was deliberately indifferent to Plaintiff's need for protection from a substantial risk of serious harm. *Jones*, 188 F.3d at 326. As stated above, even assuming Captain Enlers hit Plaintiff on the ears, the extent of the injury suffered was *de minimis*.

To the extent Plaintiff alleges claims against Sergeant Williams in his official capacity, which would in effect be a claim against SMCI or the MDOC, Plaintiff's claims fail as a matter of law. As stated above, there is no respondeat superior liability under Section 1983. *See supra*, *Oliver,* 276 F.3d at 742 & n.6. Further, Plaintiff has failed to allege, much less demonstrate that SMCI implemented a policy, custom or practice that was the "moving force" behind the alleged constitutional violation. *See Monell*, 436 U.S. at 694. Accordingly, the court concludes that Sergeant Williams is entitled to judgment as a matter of law as to Plaintiff's claims against him, in both his individual and official capacities.

### Denial and/or Delay of Adequate Medical Treatment

Plaintiff claims that neither Sergeant Williams nor Captain Enlers got him medical treatment after the alleged assault by Captain Enlers and that he had to pursue it on his own. Plaintiff claims that he asked if he could go to the infirmary but Captain Enlers told him to "shut up." However, Plaintiff conceded that he received medical treatment the day after the alleged assault. Plaintiff testified that when he returned to his housing unit after the alleged assault he told an officer that he needed medical treatment and was told to submit a sick call request, which he did. The following day Plaintiff saw Nurse LaRosa, who told him his ears were swollen and

gave him ibuprofen. Several days later, she saw Plaintiff again, washed his ears and gave him more ibuprofen. Plaintiff avers that he asked to see an outside doctor but was refused by medical staff at SMCI. As a result of the alleged assault, Plaintiff claims that he cannot hear well and his ears hurt.

"Prison officials violate the constitutional proscription against cruel and unusual punishment when they are deliberately indifferent to a prisoner's serious medical needs, as doing so constitutes unnecessary and wanton infliction of pain." *Davidson v. Texas Dep't of Criminal Justice*, 91 F. App'x 963, 964 (5th Cir. 2004) (citing *Wilson v. Seiter*, 501 U.S. 294, 297 (1991)). Deliberate indifference "is an extremely high standard to meet." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (quoting *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001)). The test for establishing deliberate indifference is "one of subjective recklessness as used in the criminal law." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). A prison official may not be held liable under this standard pursuant to Section 1983 unless the plaintiff alleges facts which, if true, would establish that the official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and he must also draw the inference." *Farmer*, 511 U.S. at 838. Plaintiff must "submit evidence that prison officials 'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any other similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Davidson*, 91 Fed. App'x at 965 (quoting *Domino*, 239 F.3d at 756). "[D]elay in medical care can only constitute an Eighth Amendment violation if there has been deliberate indifference, which results in substantial harm." *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993).

Negligent conduct by prison officials does not rise to the level of a constitutional

9

violation. *Daniels v. Williams*, 474 U.S. 327, 333-34 (1986). The Plaintiff is not entitled to the "best" medical treatment available. *McMahon v. Beard*, 583 F.2d 172, 174 (5th Cir. 1978); *Irby v. Cole*, No. 4:03cv141-WHB-JCS, 2006 WL 2827551, at *7 (S.D. Miss. Sept. 25, 2006). Further, a prisoner's "disagreement with medical treatment does not state a claim for Eighth Amendment indifference to medical needs." *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 2001).

As set forth above, Plaintiff submitted a sick call request and was seen by a nurse the very next day after the alleged assault, and was seen by a doctor a few days later. Accordingly, Plaintiff was not denied adequate medical treatment for his injuries. Moreover, a delay in medical treatment only constitutes deliberate indifference when it results in substantial harm. *Mendoza*, 989 F.2d at 195. Plaintiff has failed to show he required emergency medical treatment following the alleged assault and has failed to show that he was substantially harmed by the one-day delay in getting medical treatment.

To the extent Plaintiff alleges claims against Defendants in their official capacities, which would in effect be a claim against SMCI or the MDOC, Plaintiff's claims fail as a matter of law. As stated above, there is no respondeat superior liability under Section 1983. *See supra*, *Oliver,* 276 F.3d at 742 & n.6. Further, Plaintiff has failed to allege, much less demonstrate that SMCI or the MDOC implemented a policy, custom or practice that was the "moving force" behind the alleged constitutional violation. *See Monell*, 436 U.S. at 694. Accordingly, the undersigned concludes that Defendants are entitled to judgment as a matter of law as to Plaintiff's medical claims, in both their individual and official capacities.

**Qualified Immunity**

Although Defendants have raised the defense of qualified immunity, "if it becomes evident that the plaintiff has failed to state or otherwise to establish a claim, then the defendant is

entitled to dismissal on that basis." *Wells v. Bonner*, 45 F.3d 90, 93 (5th Cir. 1993) (citing *Siegert v. Gilley*, 500 U.S. 226, 231-33 (1991)); *see also Sappington v. Bartee,* 195 F.3d 234, 236 (5th Cir. 1999). Because the court finds that the Plaintiff's claims are not cognizable as constitutional claims, it declines to address the issue of whether the Defendants are entitled to qualified immunity. *Wells*, 45 F.3d at 93.

**State Law Claim**

Plaintiff alleges a state law claim for assault against Captain Enlers. Because the undersigned is of the opinion that Captain Enlers is entitled to judgment as a matter of law on all of Plaintiff's federal claims, the undersigned recommends that the court decline to exercise supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367(c)(3), and that such claims should be dismissed without prejudice. This exercise of discretion is in keeping with the Fifth Circuit's "'general rule' that courts should decline supplemental jurisdiction when all federal claims are dismissed or otherwise eliminated from a case*." Certain Underwriters of Lloyd's, London v. Warrantech Corp*., 461 F.3d 568, 578 (5th Cir. 2006).

RECOMMENDATION

For the reasons stated above, it is the recommendation of this court that the Defendants' Motion for Summary Judgment [34] be granted and that Plaintiff's federal claims be dismissed with prejudice, and that his state law claims be dismissed without prejudice.

NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with

instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS, the 24th day of September, 2010.

                                                      s/ Michael T. Parker
                                                      United States Magistrate Judge