IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**DELMAR EARL SHELBY**

**VS.**                                                       **CIVIL ACTION NO. 2:09cv221-KS-MTP**

**CAPTAIN NINA ENLERS, ET AL**

### ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATION AND DISMISSING CASE WITH PREJUDICE, ETC.

This cause is before the Court on Defendants' Motion for Summary Judgment [34] and *sua sponte* for evaluation pursuant to 28 U.S.C. § 1915(e)(2). Report and Recommendation filed by Magistrate Judge Michael T. Parker [51], Objection thereto filed by Plaintiff [53]. The Court has considered the above documents, as well as the record and applicable law and being fully advised in the premises, finds that the Motion for Summary Judgment should be granted and this action dismissed.

### 1. PROCEDURAL HISTORY

Plaintiff Delmar Earl Shelby, proceeding *pro se* and *in forma pauperis*, filed his civil rights complaint [1] on October 29, 2009. As set forth in his complaint and as clarified during his *Spears*[1] hearing, Plaintiff asserts a claim against Captain Nina Enlers for excessive force, a claim against Sergeant Quinton Williams for failure to protect, and a claim against both Defendants for the denial and/or delay of adequate medical treatment. *See* Omnibus Order [28].

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985). Plaintiff's *Spears* hearing occurred on April 22, 2010.

Plaintiff's claims occurred while he was a post-conviction inmate at the South Mississippi Correctional Institution ("SMCI"). He is currently incarcerated at the Central Mississippi Correctional Facility.

Defendants filed their Motion for Summary Judgment [34] on July 1, 2009. Plaintiff filed his Response [48][49] in opposition to the motion on September 20, 2010.

## II.  STANDARD OF REVIEW

When a party objects to a Report and Recommendation this Court is required to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). See also *Longmire v. Gust*, 921 F.2d 620, 623 (5th Cir. 1991) (Party is "entitled to a *de novo* review by an Article III Judge as to those issues to which an objection is made.") Such review means that this Court will examine the entire record and will make an independent assessment of the law. The Court is not required, however, to reiterate the findings and conclusions of the Magistrate Judge. *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993) nor need it consider objections that are frivolous, conclusive or general in nature. *Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1997). No factual objection is raised when a petitioner merely reurges arguments contained in the original petition. *Edmond v. Collins*, 8 F.3d 290, 293 (5th Cir. 1993).

## III.  PETITIONER'S OBJECTIONS AND ANALYSIS

The Plaintiff's Objections are as follows:

### *Objection No. 1:  Creation of Supervisory or Respondeat Superior Liability.*

The Court is unclear whether or not there is an objection by the Plaintiff. However, supervisory liability is very limited in 1983 cases. In the case before the Court there is no

possibility of supervisory liability.

### *Objection No. 2: Stating a cause of action under 1983.*

In his complaint the Plaintiff alleges that Captain Nina Enlers assaulted him by slapping him across both of his ears and causing excruciating pain. Judge Parker, in his Report and Recommendation, assumed that this was true, even though Captain Enlers denied the actions. Judge Parker, however, found that the injuries caused were *de minimis* and that even assuming the actions of Captain Enlers were improper, the action does not rise to the level of a constitutional violation because the force used was *de minimis* and there was very little, if any, injury. Judge Parker went through an analysis of what excessive force included and found that excessive force claims did not apply. There is no respondeat superior liability under 1983 and the only person who could be responsible for the actions were Captain Enler and because of the level of injury, she is not liable under § 1983.

### *Objection No. 3: Failure to protect claimed.*

When the actual actor, herein Captain Enlers, is not liable because the injuries are *de minimis* a person who is alleged to have an obligation to protect plaintiff, here Sargent Williams, can also not be liable. Williams has an obligation to protect Plaintiff from serious injuries and even though this Court does not support any abuse whatsoever of prisoners, what is being addressed here is a constitutional violation. If there was no constitutional violation then there is also no constitutional violation resulting from Sargent Williams failure to protect Plaintiff from *de minimis* injuries.

### *Objection No. 4: Plaintiff objects to Captain Enlers being entitled to a judgment according to law.*

If a Plaintiff has not proved his case and there is no dispute as to any material facts, then the Defendants, Movants herein, are entitled to a judgment as a matter of law.

### *Objection No. 5: Denial and delay of adequate medical treatment.*

Judge Parker in his Report and Recommendation, found that the medical treatment was timely and sufficient. There must be a finding of deliberate indifference for there to be a constitutional violation for failure to provide medical treatment. This has not been shown and this objection has no merit.

### *Qualified immunity.*

This was not addressed in the Report and Recommendation.

### *State Law Claims.*

The state law claims should be dismissed without prejudice in holding with the Fifth Circuit's general rule.

## IV.  CONCLUSION

As required by 28 U.S.C. § 636(b)(1) this Court has conducted an independent review of the entire record and a *de novo* review of the matters raised by the objections.  For the reasons set forth above, this Court concludes that Delmar Earl Shelby's objections lack merit and should be overruled. The Court further concludes that the Report and Recommendation is an accurate statement of the facts and the correct analysis of the law in all regards. Therefore, the Court accepts, approves and adopts the Magistrate Judges's factual findings and legal conclusions contained in the Report and Recommendation. Accordingly, it is ordered that the United States Magistrate Judge Michael T. Parker's Report and Recommendation is accepted pursuant to 28 U.S.C. § 636(b)(1) and that Delmar Earl Shelby's claim is **dismissed with prejudice**. All other

pending motions are denied as moot.

**SO ORDERED this, the 2nd day of November, 2010.**

>*s/Keith Starrett*
>**UNITED STATES DISTRICT JUDGE**